**Neal JAMES, Plaintiff–Appellant,**

v.

**WARDS COVE PACKING COMPANY, INC., Defendant–Appellee.**

No. 05–35337.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Dec. 1, 2006.

Robert N. Windes, Esq., Angela Wong, Esq., Moran Windes & Wong, Seattle, WA, for Plaintiff–Appellant.

Bert W. Markovich, Esq., Mario J. Madden, Esq., Schwabe Williamson & Wyatt, PC, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON and PAEZ, Circuit Judges, and RAFEEDIE,* District Judge.

**MEMORANDUM ***

Neal James appeals the district court's summary judgment in favor of Wards Cove Packing Co., Inc. in his suit for recovery under the Jones Act, 46 App. U.S.C. § 688(a), and the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b). Because the plain meaning of § 905(b) bars James's recovery, we affirm the district court's dismissal of that claim. We conclude, however, that the record contains evidence of material issues of fact as to whether James is a seaman for purposes of the Jones Act. We therefore reverse the district court's order dismissing the Jones Act claim and remand for trial.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's grant of summary judgment, which we review *de novo*. *Diruzza v. County of Tehama*, 323 F.3d 1147, 1152 (9th Cir.2003). Summary judgment is only proper if no material issues of fact exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995). We view the underlying facts in

the light most favorable to James, the party opposing the motion. *Ribitzki v. Canmar Reading & Bates, Ltd.*, 111 F.3d 658, 662 (9th Cir.1997).

*I. Jones Act Negligence*

The district court improperly dismissed James's claims for recovery under the Jones Act because it found that no genuine issue of material fact existed as to whether James had a substantial connection to Wards Cove's fleet of vessels or that those vessels were in navigation.

Although the Jones Act does not define the term "seaman," the Supreme Court has developed the following two-part test for seaman status: first, the employee's duties must "contribute to the function of the vessel or to the accomplishment of its mission." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). "All who work *at sea* in the service of a ship" are eligible for seaman status. *Id.* (emphasis added). Second, a seaman must have a connection to a vessel or group of vessels "in navigation" that is "substantial in terms of both its duration and its nature." *Id.* The inquiry into seaman status is fact-specific and should generally be submitted to a jury. *Id.* at 371, 115 S.Ct. 2172. Summary judgment is only appropriate when the "undisputed facts" reveal that a maritime worker's temporal connection to a vessel in navigation is "clearly inadequate" to support a determination that the worker is a seaman under the Jones Act. *Id.*

The district court first erred when it held that James did not raise a genuine

* The Honorable Edward Rafeedie, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

issue of fact as to his seaman status because the only relevant period in assessing his status was his employment during the winter 2002/2003 season, and during that period he was a "shore-based" worker.

■ When assessing a maritime worker's seaman status, the relevant time period in assessing "the substantiality of his vessel-related work" is the period of time the worker spent in the position he occupied at the time of the accident. *Chandris*, 515 U.S. at 372, 115 S.Ct. 2172. When a worker has worked for a particular employer over a number of years, but his "essential duties" have changed during that time, the evaluation of his seaman status shall focus only on the current assignment. *Id.* James presented sufficient evidence to raise a factual issue as to whether his essential duties were the same in Seattle during the winter 2002/2003 season and in Alaska during his employment with Wards Cove prior to the winter 2002/2003 season. While James's job title and pay rate were different in Alaska and Seattle, those facts are not determinative. *See Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 558–59, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997) (explaining that a worker's "actual duties," not just his job title, determine his seaman status). In both places James performed maintenance and repair work on Wards Cove's vessels, and he presented evidence that he spent over half his time aboard those vessels in both Alaska and Seattle. Viewed in the light most favorable to James, a genuine issue of material fact exists as to whether his essential duties were the same in Alaska and Seattle.

James also presented sufficient evidence to raise a factual issue as to whether he worked "at sea" in the service of Wards Cove's fleet of vessels. James presented evidence that he spent at least two-thirds of his time working aboard Wards Cove's ships and that he performed deckhand work aboard the ships in both Alaska and Seattle. Viewed in the light most favorable to James, this evidence creates a factual issue as to his status as a sea-based worker.

■ The district court also erred when it concluded that Wards Cove's vessels were not vessels in navigation as a matter of law because they were moored for the winter. This Court has previously held that an issue of fact existed as to whether a ship that had been permanently moored for five years was in navigation within the meaning of the Jones Act. *See Martinez v. Signature Seafoods, Inc.*, 303 F.3d 1132, 1137 (9th Cir.2002). In light of *Martinez*, the district court could not say that, as a matter of law, Wards Cove's vessels were out of navigation simply because they were moored for the winter at the time of James's injury.

## II. LHWCA § 905(b)

■ Section 905(b) allows employees covered by the LHWCA who are injured by a vessel's negligence to bring an action against the vessel, but it bars such causes of action by persons "employed to provide shipbuilding, repairing, or breaking services" if their employer was also the owner of the vessel on which the employee was injured. The limitation applies to workers "employed to provide" repairs even if they are not performing repairs at the moment of injury. *See Heise v. Fishing Co. of Alaska*, 79 F.3d 903, 907 (9th Cir.1996). Thus, the relevant inquiry in determining whether the § 905(b) bar applies is whether the plaintiff "regularly perform[ed] some portion of what is indisputably [ship repair] work" and whether the defendant owned the vessel in question. *Id.* at 908. James does not dispute that he was employed to provide repairs on Wards Cove's fleet of vessels, including the F/V Ocean

Maid. It is also undisputed that Wards Cove was James's employer and that it owned the F/V Ocean Maid. Accordingly, the district court did not err when it found that as a matter of law James was barred from asserting a negligence claim against Wards Cove as vessel owner of the F/V Ocean Maid under § 905(b).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. James shall recover costs on appeal.